U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cr-80060-Rosenberg

**UNITED STATES OF AMERICA**,
    Plaintiff,

v.

**JOEL BARRETT**,
    Defendant.
_____/

## DEFENDANT BARRETT'S OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT ("PSR")

COMES NOW Defendant Barrett, by and through his undersigned counsel, and states:

1. After reviewing his PSR with counsel, Mr. Barrett wishes to note his following *Objections* to the PSR. For the convenience of the Court, his *Objections* are summarized in the chart below (references are to PSR page number, followed by PSR paragraph number):

1

| PSR page / paragraph | PSR says | Mr. Barrett's Objection |
|---|---|---|
| 4 - 5 / 6 | Describes 9/28/20 sale of Mini Draco firearm from defendant (Barrett) to cooperating defendant (CD) | Mr. Barrett told cooperating defendant "gun was jammed and does not work – you'll have to take it apart to make it work"; so this is not a "firearm" for guidelines purposes |
| 5 / 7 | Special Agents get firearm (Mini Draco) from CD | But Special Agents did *not* report "We test-fired gun and found it operational"; shows Mini Draco "gun" did not work |
| 5 / 8-11 | Drugs found at defendant's house…fentanyl found | No chemical test conducted for fentanyl |
| 5 / 9 | Describes where drugs were found (master bedroom in book bag); Glock pistol located inside closet in a gun box; no round in chamber; electronic deadbolt lock on door of master bedroom | Glock not "near drugs" for guidelines purposes; clip not in chamber; electronic deadbolt lock on door of master bedroom did not lock automatically |
| 5 / 10 | Defendant gave statement to Special Agents post-*Miranda*; Defendant admitted to selling drugs | Shows Mr. Barrett's *immediate* remorse and acceptance of responsibility |

| PSR page / paragraph | PSR says | Mr. Barrett's Objection |
|---|---|---|
| 5 / 10 | Mentions ownership of Glock pistol | Elizabeth Wood (Mr. Barrett's girlfriend) bought Glock – she had no prior arrests, went through class to be a bail bondswoman; her sponsoring bondsman <u>made</u> her get a gun license and take gun training class  (Wood's target from gun range hung on back of bedroom door) |
| 5 / 11 | Woods said "defendant and I handled Glock for protection" | They did *not* have to protect anything with Glock (no fingerprints of Mr. Barrett found on it) (no drug buyers come to house - no incidents at residence) |
| 7 / 18 | "Mixture of heroin and cocaine" 100 grams = 100 kilograms | Mr. Barrett <u>did not</u> mix heroin and cocaine; "powder" at residence was quinine he bought from "head shop", so this should *not* be included in drug calculation |
| 7 / 20 | Glock and Mini Draco (firearm) was possessed by defendant, 2 level increase  per  § 2D1.1(b)(1) | Mini Draco was <u>sold</u> by Mr. Barrett on 9/28/20 to cooperating defendant (not displayed or used); Glock in bedroom closet in "gun safe box" where one has to snap mechanism on each side to open – gun could not fire because one had to push clip in before bullet enters chamber So 2 level increase does not apply |

3

| PSR page / paragraph | PSR says | Mr. Barrett's Objection |
|---|---|---|
| 7 / 21 | Defendant maintained a premises for the purpose of manufacturing or distributing a controlled substances for 2 level enhancement per § 2D1.1(b)(12) | Mr. Barrett lived at these premises with his girlfriend Ms. Woods;   3 other adult males lived at the residence in other rooms (see PSR at ¶ 8);   this is not a "crack house" where buyers come;   no drugs manufactured or sold in residence, so no 2 level increase |
| 9 – 10 / 37 | Defendant had marijuana possession case which was downfiled, for 1 Criminal History point | Misdemeanor marijuana possession should *not* result in 1 Criminal History point |
| 10 / 38 | Defendant has domestic battery case, but charge was reduced | Reduced charge should *not* result in 1 Criminal History point |
| 10 / 39 | Defendant has 2 Criminal History points, for a Criminal History category of II | Mr. Barrett has 0 Criminal History points, for a Criminal History category of I |
| 10 / 39<br><br>17 / 78 | Same as above | With Criminal History category I, and no possession of firearms in relation to a drug transaction, Mr. Barrett qualifies for the § 5C1.2 "safety valve" provision with a sentence less than the 10-year mandatory minimum here |
| 16 / 66 -67 | Describes defendant's use of drugs since 2008 | Mr. Barrett is amenable to treatment in the BOP RDAP program |

| PSR page / paragraph | PSR says | Mr. Barrett's Objection |
|---|---|---|
| 17 / 79 | Total offense level of 35 and Criminal History category II, guideline range is 188 – 235 months | Total offense level of 31 and Criminal History category I, guideline range is 108 – 135 months |

WHEREFORE, Defendant Barrett prays this Court will grant his *Defendant Barrett's Objections To The Pre-Sentence Investigation Report ("PSR")*.

Respectfully submitted,

s/Michael Hursey_____
MICHAEL HURSEY, P.A.
Florida Bar No. 457698
Attorney for Defendant Barrett
5220 S. University Dr., Suite C-110
Ft. Lauderdale, FL 33328
Telephone:  (954) 252-7458
Facsimile:   (754) 551-6457
Email:  mhpalaw@bellsouth.net

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** the foregoing was filed via CM/ECF this 31st day of January, 2023.

s/ Michael Hursey_____
MICHAEL HURSEY, ESQ.